IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00854-SP

SHENZHEN GOOLOO E-COMMERCE
CO., LTD,

    Petitioner/Counter-Respondent,

v.

PILOT, INC.,

    Respondent/Counter-Petitioner.

## ORDER TO SHOW CAUSE

**Susan Prose, United States Magistrate Judge**

This matter comes before this court sua sponte. Because of deficiencies in Petitioner/Counter-Respondent Shenzhen Gooloo E-Commerce Co., LTD's ("Shenzhen") showing that complete diversity of citizenship exists for purposes of conferring subject-matter jurisdiction, Shenzhen is hereby ordered to show cause, in writing, **on or before July 31, 2023**, demonstrating why this case should not be dismissed without prejudice for lack of subject matter jurisdiction.

### PETITIONER/COUNTER-RESPONDENT'S ALLEGATIONS

Shenzhen filed this action on April 6, 2023. ECF No. 1. In its Petition, Shenzhen seeks to vacate an arbitration award on the basis that the "Arbitrator very clearly exceeded his powers and manifestly disregarded the law[.]" *Id.* ¶ 26. Shenzen alleges this court has subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Shenzhen alleges that Pilot

is a citizen of California (*id.* ¶ 10) and that Shenzhen is a "citizen of a foreign state"—specifically, it is a "limited liability company organized and existing under the laws of China" (*id.* ¶ 9).

Respondent/Counter-Petitioner Pilot, Inc. ("Pilot") answered the Petition (ECF No. 9), filed a Counter-Petition for confirmation, recognition, and enforcement of the arbitration award (ECF No. 10), and filed a Motion to Dismiss (ECF No. 8).

## LEGAL STANDARDS AND ANALYSIS

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted). "Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists . . . at any stage in the litigation." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1208 (10th Cir. 2012). "If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte.* Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (internal quotation omitted). Indeed, this court cannot rule on Pilot's Motion to Dismiss, ECF No. 8, until it has determined whether it has jurisdiction over the subject matter. *Williams v. Life Savings and Loan*, 802 F.2d 1220, 1202-03 (10th Cir. 1986) ("A judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties.").

I.   **Diversity Jurisdiction under 28 U.S.C. § 1332(a)(1)**

Congress has accorded district courts "original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Thus, "diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Id.* "[A] court can require an evidentiary showing of jurisdiction to resolve . . . inadequate allegations." *Mikelson v. Conrad*, 839 F. App'x 275, 277 (10th Cir. 2021).

For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. *See, e.g.*, *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Shenzhen's allegations are at present insufficient to allow this court to determine its citizenship and whether this court has jurisdiction. Shenzhen alleges that it is a "limited liability company organized and existing under the laws of China" (Pet. ⁋ 9), but it does not disclose the identity and citizenship of each of its members. Shenzhen further fails to disclose such information in its Corporate Disclosure Statement, ECF No. 4, as required by Federal Rule of Civil Procedure 7.1(a)(2) ("The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party[.]").[1] Thus, this court is unable to

---

[1] Pilot also asserts in its Counter-Petition that this court "has subject matter jurisdiction under 28

determine Shenzhen's citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## II.  Jurisdiction Under 9 U.S.C. § 203

Chapter 1 of the Federal Arbitration Act ("FAA") does not confer subject-matter jurisdiction in federal district court. *See, e.g.*, *Badgerow v. Walters*, 142 S. Ct. 1310, 1314 (2022); *Okla. City Assocs. v. Wal-Mart, Inc.*, 923 F.2d 791, 793 (10th Cir. 1991) ("[T]he FAA requires an independent basis for subject matter jurisdiction, such as 28 U.S.C. § 1331 federal question or 28 U.S.C. § 1332 diversity of citizenship jurisdiction."); *see also Int'l Label Serv., Inc. v. Engineered Data Prods.*, 15 F. App'x 717, 719 (10th Cir. 2001) ("The question of a district court's jurisdiction to confirm an arbitration award is a two-step inquiry. First, because the [FAA] does not create any independent federal-question jurisdiction, the party seeking confirmation must demonstrate a jurisdictional basis. . . . Second, it must be shown that the parties agreed, either explicitly or implicitly, that the arbitration award would be subject to judicial confirmation." (citation and quotation omitted)).

In contrast, Chapter 2 of the FAA provides that district courts have original jurisdiction over any action falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified in that chapter and known as the "New York Convention." 9 U.S.C. § 203. In its Counter-Petition, Pilot asserts that this court has subject-matter jurisdiction over its Counter-Petition under 9 U.S.C. § 203. Counter-Pet. ¶¶ 1, 14. This court further notes that Chapter 1 of the FAA also applies to New York Convention cases, unless there is a conflict. 9 U.S.C. § 208. *See, e.g.*, *GE Energy Power Conversion France SAS, Corp. v. Outokumpu*

---

U.S.C. § 1332." ECF No. 10 (Counter-Pet.) ¶ 15. In its Answer to the Counter-Petition, Shenzhen denies that this court "has subject matter jurisdiction for Pilot's claim under the New York Convention" without addressing subject-matter jurisdiction under § 1332.

4

*Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020).

Shenzhen, however, "denies that the Court has subject matter jurisdiction for Pilot's claims under the New York Convention." ECF No. 15 (Ans. to Counter-Pet.) ⁋ 14. In any case, Shenzhen does not allege the New York Convention as a jurisdictional basis in the Petition. In these circumstances, this court will require Shenzhen to state whether, if this court finds a lack of diversity under § 1332, Shenzhen relies on the New York Convention for purposes of determining subject-matter jurisdiction, and if so, why it applies here.

## CONCLUSION

Accordingly, **IT IS ORDERED** that, **on or before July 31, 2023**, Shenzhen shall show cause, in writing, why this case should not be dismissed without prejudice for lack of subject-matter jurisdiction. As Shenzhen relies on § 1332 diversity, it shall provide a list of all of its members and their citizenship(s) at the time this action was filed. To the extent Shenzhen wishes to rely on the New York Convention for subject-matter jurisdiction, it shall also state why that statute applies to the Petition. Pilot may file a reply, if any, by **August 14, 2023.**

DATED: July 14, 2023

BY THE COURT:

Susan Prose
United States Magistrate Judge