IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00854-PAB-SBP

SHENZHEN GOOLOO E-COMMERCE CO., LTD.,

      Petitioner and Counter-Respondent,

v.

PILOT, INC.,

      Respondent and Counter-Petitioner.

---

## ORDER

---

      This matter comes before the Court on respondent Pilot, Inc.'s ("Pilot") Motion to Dismiss Petition to Vacate Arbitration Award and to Confirm the Award [Docket No. 8], pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), and 12(b)(5). The Court has jurisdiction over this case under 28 U.S.C. § 1332.

## I. BACKGROUND[1]

---

[1] The following facts are drawn from the Shenzhen Gooloo E-Commerce Co., Ltd.'s petition to vacate the arbitration award. Docket No. 1. The facts are also drawn from the underlying arbitration award. Docket No. 2-2. Generally, a court should not consider evidence beyond the pleadings when ruling on a 12(b)(6) motion, *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019), and if the court considers matters outside the complaint, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Tenth Circuit has recognized a "limited exception" to this rule: the "district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Waller*, 932 F.3d at 1282; *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (recognizing that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to

This action arises from a final arbitration award that was granted in favor of respondent Pilot on January 6, 2023.  Docket No. 1 at 2, ¶ 2; Docket No. 2-1 at 2. Petitioner Shenzhen Gooloo E-Commerce Co., Ltd. ("Gooloo"), through its petition, seeks to vacate the award.  Docket No. 1 at 9.  Pilot asks the Court to confirm the award and for the Court to dismiss Gooloo's motion to vacate the award.  Docket No. 8 at 17; Docket No. 10 at 9–10.

### A.  The Dispute and Arbitration Process

Gooloo is a limited liability company organized and existing under the laws of China.  Docket No. 1 at 3–4, ¶ 9.  Gooloo is a major distributor of lightweight, portable car jump starters manufactured by Shenzhen Carku Technology Co. Ltd.  *Id.*  Gooloo sells portable car jump starters around the world and, in the United States, does so through Amazon.com.  *Id.*  Pilot is a California corporation that holds various patents related to portable car jump starters.  *Id.* at 4, ¶ 10.  One of Pilot's patents is U.S. Patent 10,046,653 (the "'653 Patent").  *Id.* at 2, ¶ 2.  Pilot and Gooloo entered into a licensing

---

be considered on a motion to dismiss").  However, a court has "broad discretion in determining whether or not to accept materials beyond the pleadings."  *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998).  When a court takes judicial notice of documents, it may do so only to "show their contents, not to prove the truth of the matters asserted therein."  *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Here, Shenzhen Gooloo E-Commerce Co., Ltd. ("Gooloo") has attached a copy of the arbitration award to its petition, Docket No. 2-1, Gooloo refers to the award in its petition, *see, e.g.*, Docket No. 1 at 6, ¶ 21, and Pilot does not dispute the authenticity of the award.  Docket No. 8 at 5 (citing Docket No. 2-1).  As such, the Court finds that it may consider the contents of the arbitration award to resolve Pilot's Rule 12(b)(1) arguments, as it could under a Rule 12(b)(6) motion.  *See Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 (10th Cir. 2002) (discussing when it is appropriate to convert a Rule12(b)(1) motion or a Rule 12(b)(6) motion into a motion for summary judgment when considering evidence outside the pleadings).

agreement (the "settlement agreement").[2]  *Id.* at 4, ¶ 13.  Under the agreement, Gooloo

agreed to pay a royalty on "licensed products."  *Id.*  To qualify as a licensed product

under the settlement agreement, the product must be (1) a "lithium ion jump starter

product[ ] made, used, sold, offered for sale and/or imported into the United States" by

Gooloo and (2) it must "fall within the scope of at least one valid, unexpired claim of the

Licensed Patent."  *Id.*  The settlement agreement includes two arbitration clauses:

section 6.3, which is a general arbitration provision, and section 6.5 for arbitration

involving questions of patent validity.  *Id.*, ¶ 14.  Section 6.3 of the settlement agreement

states:

> If any dispute, controversy or claim arising out of or relating to this
> AGREEMENT, or the breach thereof, is not resolved by the Parties pursuant to
> Section 6.2, and absent agreement by the Parties as to additional informal efforts
> to resolve the dispute, then either Party may submit the dispute to fast-track
> arbitration in Colorado, the hearing on which is to commence within ninety (90)
> days of the delivery of written notice of arbitration being commenced to the other
> Party.  The arbitration shall be administered by the American Arbitration
> Association under its then-current Commercial Arbitration Rules, (except that the
> provisions of this paragraph shall supersede any contrary provision in such rules)
> before a panel of a single arbitrator, who shall hold a single hearing on the merits
> of the dispute, with that hearing to last no longer than eight (8) hours, and a
> nonappealable reasoned award will be issued.  The arbitrator will issue a final
> reasoned decision and Award within four (4) business days of the hearing
> concluding.  The Parties agree that each Party shall bear its own costs and
> attorney fees, but shall evenly split any administrative fees associated with the
> arbitration, including, for example, the fees for the arbitrator and use of facilities.

Docket No. 2-1 at 8, ¶ 13.  Section 6.5 of the settlement agreement states:

> If the dispute in question involves the alleged invalidity of any LICENSED
> PATENTS, GOOLOO or AUKEY may follow the dispute resolution procedures
> set forth in this Article, and the arbitration shall be administered by the American

---

[2] In its petition, Gooloo refers to this agreement as the licensing agreement.
Docket No. 1 at 4, ¶ 13.  The disputed arbitration award refers to the same agreement
as the "Settlement Agreement" or the "2020 Settlement Agreement."  *See*, *e.g.*, Docket
No. 2-1 at 7, ¶ 12.  The Court will refer to the agreement as the settlement agreement,
consistent with the terminology used by the arbitration award.

> Arbitration Association under its then-current Commercial Arbitration Rules before a panel of at least three arbitrators.  In such a case, the chosen arbitrators must have backgrounds in patent prosecution or litigation.  In the alternative, GOOLOO or AUKEY may seek relief in any relevant intellectual property office, such as the United States Patent Office or in any court having jurisdiction over the dispute, such as a federal district court.  For the avoidance of doubt, this Section applies only to validity challenges in the context of infringement disputes regarding LICENSED PRODUCTS or any proposed redesigned products.

*Id.* at 8–9, ¶ 13.  As the Court noted, it takes notice of these clauses since they are central to Gooloo's petition.

On May 27, 2022, Pilot filed a demand for arbitration pursuant to section 6.3 of the settlement agreement, asserting that Gooloo failed to pay royalties.  Docket No. 1 at 5, ¶ 15.  On October 3, 2022, the United States Patent and Trademark Office ("PTAB") invalidated claim 7 of the '653 Patent.  *Id.*, ¶ 16.  On November 30, 2022, the parties modified the arbitration clause of the settlement agreement to allow for the submission of post-hearing submissions, which will include no new evidence or cost submissions.  *Id.*, ¶ 19.  The arbitration hearing took place on December 1, 2022, in Colorado, and the parties filed post-hearing submissions on December 16, 2022.  *Id.* at 5–6, ¶ 20.  As part of these post-hearing submissions, the arbitrator requested the parties to comment on PTAB's decision and its effect on the arbitration.  Docket No. 2-1 at 36, ¶ 103.  Pilot's post-hearing submission notified the arbitrator that it had filed an appeal of the PTAB decision and provided additional evidence regarding Pilot's appeal.  Docket No. 1 at 5–6, ¶ 20.  Gooloo objected to the submission of this new evidence, although Gooloo did not object to the arbitrator's request for this information.  *Id.*, Docket No. 2-1 at 36, ¶ 103.  Gooloo filed its own post-hearing submission addressing the PTAB decision.

Docket No. 1 at 5–6, ¶ 20.  On January 6, 2023, the arbitrator found for Pilot and

awarded Pilot unpaid royalties and interest.  *Id.* at 6, ¶ 21.

### B.  The Arbitrator's Findings and Awards

The arbitrator identified five "principal issues . . . to determine in this Arbitration."

Docket No. 2-1 at 47, ¶ 139.  These issues were:

- Issue 1: Do Respondent's arguments on the fact that the '653 patents are invalid require dismissal of Claimant's claim and require restitution of royalties paid?
- Issue 2: Did Respondent breach its obligations to Claimant?
- Issue 3: Did Claimant breach its obligations to Respondent?
- Issue 4: Should the Tribunal draw adverse inferences based on Respondent's argument that waived privilege in relation to the expert analysis?
- Issue 5: Should the Tribunal Draw Adverse Inferences Based on Claimant's Argument that Respondent Failed to Produce Documents as Ordered?

*Id.*  The arbitrator found that Gooloo had raised two arguments on the first issue:

(i) first, Respondent argues that pursuant to the 2020 Settlement Agreement, Claimant needs a "Licensed Product" that must "fall within the scope of at least one valid, unexpired claim" and since the PTAB decision has rendered the patent invalid, Claimant has never had a Licensed Product; and (ii) second, in the alternative, Respondent provided appropriate notice of invalidity to Claimant to appropriately withhold royalty payments.

*Id.* at 50, ¶ 149.  On the first argument, the arbitrator concluded that, because Pilot had

appealed the PTAB's decision to the Federal Circuit, "the issue of validity has not been

resolved in a final decision as between the parties for claim preclusion or issue

preclusion."  *Id.* at 51, ¶ 151.  "Since the issue of invalidity has not been resolved

definitively, the Tribunal dismisses the argument that there is no Licensed Product

under the 2020 Settlement Agreement."  *Id.*, ¶ 152.  As to Gooloo's second argument

regarding notice, the arbitrator found that, "while it is true that the Respondent was

questioning the validity of the patents, the context of these communications was in

relation to the settlement of disputes.  However, the communications did not provide an

express or clear notification that the royalties were being suspended because the validity of the patents was disputed." *Id.* at 54, ¶ 156. Ultimately, the arbitrator "dismisse[d] Respondent's argument that the invalidity of the '653 patent requires dismissal of Claimant's claims." *Id.* at 55, ¶ 159. "As a result of this finding," the arbitrator determined that Gooloo's "argument on unjust enrichment is also dismissed as being premature." *Id.* The arbitrator proceeded to find in Pilot's favor and ultimately awarded Pilot $439,387.69 in damages for unpaid royalties. *Id.* at 98, ¶ 287.

### C.  Petition to Vacate

Gooloo initiated this action on April 6, 2023 by filing a petition to vacate the arbitration award. Docket No. 1. Gooloo argues that the final arbitration award is in manifest disregard of federal and state law and that the arbitrator exceeded his jurisdiction by making a de facto ruling on the validity of Pilot's patent, in contravention of the terms of the arbitration agreement. *Id.* at 7–9.

On May 10, 2023, Pilot filed its Motion to Dismiss Petition to Vacate Arbitration Award and to Confirm the Award. Docket No. 8. In its motion, Pilot makes three arguments as to why the Court should dismiss Gooloo's petition to vacate the confirmation award. First, Pilot argues that Gooloo has failed to comply with the procedural requirements of seeking to vacate an arbitration award and that the Court therefore lacks subject matter jurisdiction. *Id.* at 8–11. Second, Pilot argues that Gooloo has failed to properly serve Pilot. *Id.* at 9–10. Third, Pilot argues that Gooloo has failed to identify any reason to vacate the award. *Id.* at 11–17.

Pilot's motion states that it is made "pursuant to Federal Rule of Civil Procedure 12" and provides the legal standard for Fed. R. Civ. P. 12(b)(1). *Id.* at 5, 7. The Court

construes Pilot's first argument to be made pursuant to Fed. R. Civ. P. 12(b)(1).  Pilot's

second argument, regarding service, is properly construed as made pursuant to Fed. R.

Civ. P. 12(b)(4) and Fed. R. Civ. P. 12(b)(5).  *Compare* Fed. R. Civ. P. 12(b)(1) ("lack of

subject-matter jurisdiction") *with* Fed. R. Civ. P. 12(b)(4) ("insufficient process"), Fed. R.

Civ. P. 12(b)(5) ("insufficient service of process").  Pilot's third argument is governed by

the standards outlined in the Federal Arbitration Act ("FAA") for petitions to confirm or

vacate arbitration awards.  Docket No. 8 at 5 ("Gooloo's claims are meritless and must

be dismissed as a matter of law.  The Court should confirm the arbitration award.").

## II.  LEGAL STANDARD

### A.  Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5)

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if

the Court lacks subject matter jurisdiction over claims for relief asserted in the

complaint.  Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he

moving party may (1) facially attack the complaint's allegations as to the existence of

subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by

presenting evidence to challenge the factual basis upon which subject matter

jurisdiction rests."  *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074

(10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)).  A

facial attack assumes that the allegations in the complaint are true.  *Baker v. USD 229

Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020).  "When a defendant brings a factual

attack, a district court has 'wide discretion to allow affidavits, other documents, and a

limited evidentiary hearing to resolve disputed jurisdictional facts.'"  *Id*. (quoting *Stuart v.

Colo. Interstate Gas Co*., 271 F.3d 1221, 1225 (10th Cir. 2001)).  Ultimately, petitioner

has "[t]he burden of establishing subject matter jurisdiction" because he is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Federal Rule of Civil Procedure 12(b)(5) allows for dismissal of an action without prejudice based on insufficient service of process.  Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff shows good cause for the delay.  *Sarnella v. Kuhns*, 2018 WL 1444210, at *2 (D. Colo. March 23, 2018).  A court applying these rules engages in a two-part inquiry. *Id.*  First, the court determines whether the plaintiff has shown good cause for his failure to timely serve the defendant.  *Id.*  If good cause is shown, then an extension of the time for service of process is mandatory.  *See* Fed. R. Civ. P. 4(m); *see also Thunder Mountain Custom Cycles, Inc. v. Thiessen*, No. 06-cv-02527-EWN-BNB, 2008 WL 618898, at *6 (D. Colo. Mar. 5, 2008).  If good cause is not shown, then the court proceeds to the second step of the analysis and determines whether a permissive extension is warranted.  *See Sarnella*, 2018 WL 1444210, at *2.

"A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery."  *Id.* (quoting *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (citation omitted)).  A summons must be signed by the Court clerk and bear the Court's seal.  *Id.*  A summons that is unsigned and lacks a seal is "incurably defective."  *Cloyd*

*v. Arthur Andersen & Co.*, 1994 WL 242184, *1 (10th Cir. 1994) (unpublished table decision).

In opposing a motion to dismiss for insufficient process or insufficient service of process, "plaintiff bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Allen v. United Props. & Const.*, No. 07-cv-00214-LTBCBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).  Plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure.  *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

### B.  Federal Arbitration Act

Under § 9 of the FAA, confirmation of an arbitration award is a summary procedure and courts "must grant . . . an order [confirming an arbitration award] unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.  Section 10 of the FAA enumerates four circumstances under which a district court may vacate an arbitration award: (1) the award was procured by corruption, fraud, or undue means; (2) there was evidence that the arbitrators were partial or corrupt; (3) the arbitrators were guilty of misconduct; or (4) the arbitrators exceeded their powers or imperfectly executed them. 9 U.S.C. § 10(a)(1)–(4).  There is also a "handful of judicially created reasons" for which vacatur is appropriate, including violations of public policy, an arbitrator's manifest disregard of the law, or the denial of a fundamentally fair hearing.  *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) (citation omitted).

When ruling on a motion to vacate an arbitration award, a district court is not to "hear claims of factual or legal error by an arbitrator as if it were an appellate court reviewing a lower court's decision." *Hosier v. Citigroup Global Mkts., Inc.*, 835 F. Supp. 2d 1098, 1101 (D. Colo. 2011) (citation omitted).  Instead, courts must "give extreme deference to the determination of the arbitrator" and may only vacate an arbitration award for the reasons enumerated in the FAA or the judicially created reasons listed above.  *Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Okla.*, 636 F.3d 562, 567 (10th Cir. 2010) (brackets and citation omitted); *see also Brown v. Coleman Co., Inc.*, 220 F.3d 1180, 1182 (10th Cir. 2000) ("[T]he standard of review of arbitral awards is among the narrowest known to law.") (citation omitted).

**C.  Colorado Uniform Arbitration Act**

"To facilitate confidence in the finality of arbitration awards and discourage piecemeal litigation, Colorado's arbitration statutes strictly limit the role of the courts in reviewing awards, and a party challenging an award bears a heavy burden." *Digital Landscape Inc. v. Media Kings LLC*, 440 P.3d 1200, 1205 (Colo. App. 2018) (citing *BFN-Greeley, LLC v. Adair Grp., Inc.*, 141 P.3d 937, 940 (Colo. App. 2006) (alterations omitted).  "'An arbitrator is the final judge of both fact and law,' and courts may not review the merits of an arbitration award if there are not statutory grounds to vacate, modify, or correct them." *Id.* (quoting *BFN-Greeley, LLC*, 141 P.3d at 940 and citing *Levy v. Am. Family Mut. Ins. Co.*, 293 P.3d 40, 49 (Colo. App. 2011)).

Such statutory grounds are found in § 13-22-223(1)(d) of the Colorado Uniform Arbitration Act ("UAA"), which provides that a court "shall vacate" an arbitration award if the court finds that the arbitrator exceeded the arbitrator's powers.  *Id.*; Colo. Rev. Stat.

§ 13-22-223(1)(d).  An arbitrator does not "exceed [his] powers by rendering a decision that is contrary to the rules of law that would have been applied by a court, so long as there is no violation of an express term of the agreement to arbitrate."  *Byerly v. Kirkpatrick Pettis Smith Polian, Inc.*, 996 P.2d 771, 774 (Colo. App. 2000).  "It is not sufficient . . . to argue merely that the arbitrator committed an error of law on the merits." *Digital Landscape Inc.*, 440 P.3d at 1205 (citation omitted).  "Rather, a plaintiff must establish that the arbitrator exceeded the powers granted in the agreement by refusing to apply or ignoring the legal standard agreed upon by the parties for resolution of the dispute."  *Id.* (alteration omitted).

## III.  ANALYSIS

### A.  Procedural Rules for Filing Arbitration Challenge

The Court will first consider Pilot's arguments that the Court lacks subject matter jurisdiction over this case because Gooloo did not file an appropriate motion to vacate the arbitration award within the statutory deadlines.

#### 1. Rule 12(b)(1): Gooloo filed a Motion within the Statutory Deadlines

Pilot argues that Gooloo has never filed a motion to vacate the arbitration award and, as a result, has missed the deadline for challenging the arbitration award.  Docket No. 8 at 9–11.  Section 12 of the FAA requires that "notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  Pilot asserts that the "Tenth Circuit strictly construes this provision and has held that a party's failure to timely comply results in complete forfeiture of the right to seek judicial review of an award."  Docket No. 8 at 8 (quoting *Matrix Tr. Co. v. Midlands Mgmt. Corp.*, No. 20-cv-

0559-WJM-SKC, 2021 WL 22334, at *2 (D. Colo. Jan. 4, 2021) (citing *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007))).

The Colorado UAA has a similar timing requirement and provides that a "motion made under this section shall be filed within ninety-one days after the movant receives notice of the award pursuant to section 13-22-219 or within ninety-one days after the movant receives notice of a modified or corrected award pursuant to section 13-22-220." Colo. Rev. Stat. § 13-22-223(2).[3]

Pilot contends that the Colorado statutory "requirement has also been strictly construed by the Tenth Circuit to bar any untimely challenges." Docket No. 8 at 8 (citing *Int'l Bhd. of Elec. Workers, Loc. Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962, 965 (10th Cir. 1987)). According to Pilot, the deadline for Gooloo to file its motion was April 7, 2023 – a point which Gooloo does not contest. Docket No. 8 at 9.

Pilot asserts that Gooloo's petition does not constitute a "motion" as contemplated by either the federal or Colorado statute and that Gooloo has therefore failed to file a motion within the statutory deadlines. *Id.* Pilot relies on the holding in *Pfannenstiel* that an untimely motion bars judicial relief under the FAA and the fact that Gooloo has never filed a document titled "motion." *Id.* at 8–9 (citing *Pfannenstiel*, 477 F.3d at 1158). In its reply, Pilot also argues Gooloo's petition is not a motion under the

---

[3] This statutory deadline operates as a statute of limitations and the Court must therefore apply it in determining whether Gooloo's Colorado UAA claims are time barred under the *Erie* Doctrine. *See Couture v. Bd. of Educ. of Albuquerque Pub. Sch.*, 2007 WL 9734105, at *4 (D.N.M. May 15, 2007)("A statute of limitations is substantive; therefore, a federal court sitting in diversity looks to state law to determine whether a cause of action based upon state law has expired." (citing *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945)); *Brown v. Nationwide Ins. Co.*, 2023 WL 4174064, at *10 (10th Cir. June 26, 2023) (upholding dismissal of claims with prejudice for failure to meet state statutory deadline because amendment would be futile).

FAA because, in other contexts, parties frequently are required to file both a complaint and a motion.  Docket No. 18 at 6 (citing D.C.COLO.LCivR 65.1(a) ("A temporary restraining order shall be requested by motion filed separately from the complaint.")). Additionally, Federal Rule of Civil Procedure 7 provides that "[a] request for a court order must be made by motion."  *Id.* (quoting Fed. R. Civ. P. 7(b)(1)).

To support its interpretation of the Colorado UAA, Pilot notes that part 1 of § 13-22-205 of the Colorado UAA states that "an application for judicial relief under this part 2 must be made by motion to the court and heard in the manner provided by law or court rule for making and hearing motions."  Docket No. 8 at 10. (citing Colo. Rev. Stat. § 13-22-205(1)).  Pilot attempts to show that the Colorado UAA distinguishes between a "motion" on the one hand and a "civil action" on the other.  *Id.*  As an example, Pilot highlights the statute's requirement that "notice of an initial motion to the court under this part 2 must be served in the manner provided by law for the service of a summons in a civil action."  *Id.* (quoting Colo. Rev. Stat. § 13-22-205(2)).

Gooloo responds that its petition and its brief in support of its petition satisfy its obligation to file a motion within the time prescribed by statute.  Docket No. 13 at 15.  It argues that Pilot's distinction between a petition, or a civil action, and a motion is illusory.  *Id.*  Gooloo cites fifteen cases to support the proposition that, in practice, courts treat petitions to vacate or confirm arbitration awards as motions to do the same.  *Id.* at 16–17.  For example, Gooloo relies on the fact that in *Greenberg v. Bear, Stearns & Co.*, the Second Circuit used the phrase "petition to vacate" and "motion to vacate" interchangeably.  *Id. at 16*; *compare Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 24 (2d Cir. 2000) ("This appeal squarely presents the question of whether and under what

circumstances federal courts have jurisdiction to hear motions to vacate arbitration awards.") *with id.* at 26 ("Thus we must decide whether the petition in this case to vacate an arbitral award presents a substantial question of federal law.").  Gooloo also cites a federal district court in Illinois which addressed the issue in a footnote by saying, "[petitioner] filed a 'complaint' instead of a 'motion,' however, the court treats the complaint as a motion to vacate the arbitration award in accordance to 9 U.S.C. §§ 6, 10(a)."  Docket No. 13 at 16–17 (quoting *Steiner v. Glenn*, 2002 WL 31133197, at *1 n.1 (N.D. Ill. Sept. 25, 2002) (citing *Farmers Nat'l Bank of Geneseo v. Van Kampen Merrit, Inc.,* 1992 WL 80516, at *1 (N.D. Ill. April 13, 1992) ("The fact that this motion came before the district court on the application (rather than the motion) of [the petitioner] to vacate the arbitration award . . . does not affect [the court's] disposition of this case"))).  Gooloo also cites a recent case in this district where the court ruled on cross "petitions" to confirm or vacate an arbitration award as if they were motions.  *Id.* at 17 (citing *IPF Sourcing, LLC v. Botani-Labs, LLC*, No. 22-cv-00307-WJM-SKC, 2022 WL 4182409, at *4 (D. Colo. Sept. 13, 2022)).

Pilot's reply argues that the out-of-circuit precedent cited by Gooloo is inapplicable because it does not account for the Tenth Circuit's "decision in *Pfannenstiel*, which strictly construes the statute using its plain language and dismisses the untimely filed case."  Docket No. 18 at 8 (citation omitted).  Pilot also argues that the in-circuit precedent cited by Gooloo does not support Gooloo's argument.  *Id.* at 6–8.  Pilot attempts to distinguish *IPF Sourcing* by noting that the case was initiated by the victor of the arbitration, rather than the loser.  *Id.* at 7.

The Court finds that Gooloo's petition on April 6, 2023 satisfied the statutory requirements that a motion be filed with the Court by April 7.  Federal Rule of Civil Procedure 7(b) sets out the criteria for a request for a court order.  Fed. R. Civ. P. 7(b).  Requests for an order must be made by motion, and such a motion must (A) be in writing, (B) state with particularity the grounds for seeking the order, and (C) state the relief sought.  *Id.*  Rule 7(b)(2) states that the "rules governing captions and other matters of form in pleadings apply to motions and other papers."  *Id.*  As such, Federal Rules of Civil Procedure 6, 10, and 11 apply with equal force to motions as they do to pleadings.  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1191 (4th ed. updated Apr. 2023).  The writing and particularity requirements are intended to ensure that the adverse parties are informed of and have a record of both the motion's pendency and the grounds on which the movant seeks an order.  *Id.*  The standard for particularity has been understood to mean "reasonable specification." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1240 (10th Cir. 2006) (quoting *Martinez v. Trainor,* 556 F.2d 818, 820 (7th Cir.1977)).  "Thus, a motion that fails to state any grounds for relief or a motion that simply states that there are several reasons for relief without explaining those grounds for relief is insufficient under Rule 7(b)(1)." *Id.*

Here, Gooloo's petition satisfies the requirements of Rule 7(b)(1).  First, the petition was made in writing.  Docket No. 1.  Second, the petition states that it seeks to vacate the arbitration award and identifies with particularity the grounds for seeking an order, namely, that the arbitrator exceeded his authority under the arbitration agreement and manifestly disregarded the law in determining the arbitration award.  *Id.* at 7–9,

¶¶ 25–39.  Gooloo's petition further specifies that the grounds for its motion are that the arbitrator disregarded the argument that Gooloo can only owe royalties on a valid patent and claim 7 of Pilot's '653 Patent was invalidated by the PTAB.  *Id.* at 4–9, ¶¶ 13–39. Gooloo's petition satisfies the "reasonable specification" standard under *Allender* and adequately provides notice to Pilot of both the grounds and pendency of Gooloo's motion.  *Allender*, 439 F.3d at 1240.  Finally, Gooloo's petition clearly states the relief it seeks.  The first sentence of Gooloo's petition reads, "Shenzhen Gooloo E-Commerce Co., Ltd. ("Gooloo") files this Petition and *moves* to set aside an Arbitrator's award in favor of Pilot, Inc. ("Pilot")."  Docket No. 1 at 2, ¶ 1 (emphasis added).  This request is echoed by the final paragraph of Gooloo's petition, which "respectfully requests that the Court vacate Pilot's award under 9 U.S.C. § 10(a), Colo. Rev. Stat. Ann. § 13-22-223(1)(d), and common law because the Arbitrator repeatedly 'exceeded his powers' and manifestly disregarded the law."  *Id.* at 9, ¶ 39 (alternation omitted).  Furthermore, other than substituting the word "petition" for the word "motion," Pilot points to no deficiencies in the form of Gooloo's motion under the other relevant rules of procedure.

The Court finds instructive the Tenth Circuit's opinion in *Dodson International Parts, Inc. v. Williams International Co. LLC*, 12 F.4th 1212 (10th Cir. 2021).  There, the court found it was not an abuse of discretion by the district court to consider the defendant's answer to plaintiff's motion to vacate an arbitration award to be a motion to confirm the arbitration award.  *Id.* at 1228.  "Federal courts have been understandably liberal in their view on what types of motions, filings or pleadings will be construed to be the equivalent of a motion to confirm, and no magic words are required. . . ."  *Id.* (quoting *Gen. Elec. Co. v. Anson Stamping Co.*, 426 F. Supp. 2d 579 (W.D. Ky. 2006)).

16

The court found that plaintiff's "intention was clear" as evidenced by statements in the response, which stated "[t]he Court should deny Dodson's Motion to Vacate as time-barred and as substantively unveiling.  Pursuant to § 9 of the FAA, the Court should confirm the Award."  *Id.*; *see also Cessna Aircraft Co. v. Avcorp Indus., Inc.*, 943 F. Supp. 2d 1191, 1195 (D. Kan. 2013) ("an application to vacate an award will be treated as a motion") (citing *Abbott v. Law Office of Patrick Mulligan*, 440 Fed. App'x 612, 616 (10th Cir. 2011) (unpublished)).[4]  Here, the Court finds the intentions of both parties equally clear: Gooloo seeks to vacate the arbitration award and Pilot seeks to confirm it. Under these circumstances, the Court finds that Gooloo satisfied the statutory deadlines imposed by the FAA and the Colorado UAA.

### 2. Rule 12(b)(4), Rule 12(b)(5): Gooloo's Service on Pilot

The Court will next consider Pilot's arguments that the Court lacks subject matter jurisdiction over this case because Gooloo failed to properly serve Pilot in the manner specified by the FAA.  Pilot asserts that Gooloo's petition should be dismissed because Gooloo's service of its motion did not comply with the requirements of the FAA or Federal Rule of Civil Procedure 4.  Docket No. 8 at 9.  Although Pilot does not identify

---

[4] The Tenth Circuit's holdings in *Pfannenstiel* and *International Brotherhood of Electrical Workers* are inapplicable.  In *Pfannenstiel*, the Tenth Circuit declined to equitably toll the statute of limitations for a motion brought four days after the statutory deadline.  *Pfannenstiel*, 477 F.3d at 1158.  *International Brotherhood of Electrical Workers* addressed "whether affirmative defenses challenging the validity of an arbitration award can be raised in a confirmation proceeding filed after the limitations period for an action to vacate has expired."  *Int'l Bhd. of Elec. Workers*, 826 F.2d at 965–66.  In both cases, there was no dispute that the party had missed the statutory deadline.  *Id.*; *Pfannenstiel*, 477 F.3d at 1158.  Neither case addressed what constitutes a motion for purposes of the FAA or the Colorado UAA.  Here, Gooloo did not miss the statutory deadlines set by the FAA and the Colorado UAA; it filed a petition on April 6, 2023, and Pilot agrees that the statutory deadline was on April 7, 2023.

what rule it proceeds under, this argument is appropriately understood as an argument under Rule 12(b)(5), which allows for dismissal of an action without prejudice based on insufficient service of process.  *See Carson v. United States*, No. 21-cv-01596-PAB-STV, 2023 WL 155875, at *3 (D. Colo. Jan. 11, 2023).  Pilot points out that § 12 of the FAA requires that a motion be served on the adverse party or his attorney within three months after the award is filed or delivered.  Docket No. 8 at 9; 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").  Pilot argues that, because Pilot is a non-resident of Colorado, § 12 requires service "by the marshal of any district within which the adverse party may be found in like manner as other process of the court."  *Id.* (quoting 9 U.S.C. § 12).  Furthermore, Pilot argues that service was also improper because Gooloo's petition was not signed by the clerk, as is required for a summons under Fed. R. Civ. P. 4(a)(1)(F).  *Id.* at 10.

Gooloo responds that "Section 12's requirement that nonresidents be served by the marshal is an artifact of the era in which United States marshals were the default servers of process in federal courts, an era that ended in the early 1980s when the Federal Rules of Civil Procedures were amended so as to allow for service by any nonparty over the age of 18."  Docket No. 13 at 18 (quoting *Technologists, Inc. v. MIR's Ltd.*, 725 F.Supp.2d 120, 126 (D.D.C. 2010)).  Gooloo cites numerous cases which support the proposition that service under the FAA does not require service by a U.S. Marshal, but is instead coterminous with the service required by Rule 4.  *Id.* at 19–20. For example, Gooloo cites a 2022 federal district court case that held that "Petitioners were not required to serve Respondents by United States marshal."  *Agrasanchez v.*

*Agrasanchez*, 2022 WL 18587019, at *4 (C.D. Cal. Dec. 29, 2022); Docket No. 13 at 19 (citing *Agrasanchez,* 2022 WL 18587019, at *4). A court in this circuit has rejected the "technical argument" made by the defendants that service was improper because they were not served by a U.S. Marshal. *Dreymoor Fertilizers Overseas Pte. Ltd. v. AVAgro, LLC*, 2020 WL 2615749, at *3 (D. Kan. May 22, 2020); *see also Matter of the Arb. Between InterCarbon Bermuda, Ltd. & Caltex Trading and Transp. Corp.*, 146 F.R.D. 64, 67 n.3 (S.D.N.Y. 1993) ("Section 12 is an anachronism . . . because it cannot account for the subsequent abandonment of United States marshals as routine process servers. Amendments to the Federal Rules of Civil Procedure in the early 1980s substantially changed the identity of those who may serve process . . . . The ostensibly principal purpose of the amendments was to take the marshals out of summons service almost entirely." (internal quotations, citation, and alterations omitted)). Nevertheless, other district courts have adhered to the requirement that service must be made by a U.S. Marshal, regardless of amendments to Rule 4. *See Shaut v. Hatch*, 2018 WL 3559081, at *2 (N.D. Ohio July 24, 2018) (collecting cases).

The Court is persuaded by the weight of the authority that service may be made by a person other than a U.S. Marshal so long as service is otherwise consistent with the applicable rules of federal civil procedure. The purpose of the amendments to the rules of service in the Federal Rules of Civil Procedure was to "take the marshals out of summons service." *Matter of the Arb. Between InterCarbon Bermuda*, 146 F.R.D. at 67 n.3. Service by a U.S. Marshal is no more appropriate or necessary in an arbitration proceeding than any other proceeding. As such, the Court finds that service was not required to be made by a U.S. Marshal.

In addition, Pilot argues that Gooloo failed to comply with Fed. R. Civ. P. 4(a)(1)(F) because the courtesy copy of the petition that Gooloo provided to Pilot only included a summons that was not signed by the clerk of the court.  Docket No. 8 at 10. The Court construes Pilot's motion to be making an argument pursuant to Fed. R. Civ. P. 12(b)(4).  A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery.  *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (citation omitted).  A summons must be signed by the clerk.  *Carson*, 2023 WL 155875, at *3–*4.  A summons that is unsigned and lacks a seal is "incurably defective."  *Cloyd v. Arthur Andersen & Co., Inc.*, 25 F.3d 1056, 1994 WL 242184, at *1 (10th Cir. 1994) (unpublished table decision).  Pilot argues that, because Gooloo's petition was not signed by the clerk of the court, it does not constitute sufficient process under Rule 4. Docket No. 18 at 8–9 (citing *Carson*, 2023 WL 155875, at *3–*4).

Gooloo recognizes that the Rule of Civil Procedure applicable to service of the petition is Rule 4.  *See* Docket No. 13 at 20.  For instance, Gooloo notes that, "[g]iven the outdated language in § 12 (and § 9), Courts construe the § 12 phrase 'in like manner as other process of the court' *to authorize service pursuant to Federal Rule of Civil Procedure 4*, not exclusively service by United States Marshal."[5]  *Id.* (emphasis in original).  Gooloo then explains that it "went well beyond what the rules require to ensure Pilot had proper and adequate notice of the Petition to Vacate and supporting

---

[5] Gooloo has not contested that the applicable rule for service of process is Rule 4. Although some courts have considered whether service under Rule 5 is sufficient, because no party has argued that Rule 5 applies, the Court will not consider that argument.  *See Technologists, Inc.*, 725 F. Supp. 2d at 125.

documents.  On April 6, 2023, Gooloo personally served, by the private process server, the Petition to Vacate and supporting documents on Pilot's registered agent and on Pilot's counsel in the Arbitration, the same attorneys appearing on Pilot's behalf here. Gooloo even e-mailed courtesy copies of the filing to Pilot's counsel on the same day." *Id.* (citations omitted).  However, Gooloo does not address Pilot's argument that its process was insufficient because it lacked the signature of the Court.

Although the Court has already determined that proper service need not be executed by a U.S. Marshal and therefore must be made following the requirements outlined in Rule 4(c), the question is whether the requirements of the contents of a summons under Rule 4(a) also apply to Gooloo's petition.  In *Commodities & Minerals Enterprise Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 814 (2d Cir. 2022), the court held "that the New York Convention and the FAA require only service of notice of the application to confirm a foreign arbitral award, and not also a summons."  The court reached this conclusion because "(1) the FAA itself defines the *documents* to be served, and cross-references other provisions (including Rule 4 and the [Foreign Sovereign Immunities Act ("FSIA")] only to fill gaps in the permissible *manner* of serving those documents; and (2) it would make no sense to import the FSIA's requirement of service of a 'summons and complaint' into the FAA because motions to confirm arbitral awards are not commenced by the filing of a complaint."  *Id.* at 813.  Examining the text of the FAA, the court stated that "a plain reading of the relevant statutes and rules supports the conclusion that the only thing that must be served is the notice of application. Chapter 1, § 9 of the FAA specifies that 'the *notice of the application* shall be served . . . in like manner as other process of the court.'  The FAA does not require service beyond

this." *Id.* (quoting 9 U.S.C. § 9 (emphasis added)).  The court noted that "§ 9 of the FAA

provides a procedure on what notice shall be served upon the opposing party – 'notice

of the *application.*'" *Id.*  Additionally, the court reasoned that "a proceeding to confirm

an arbitral award under the FAA is commenced by an application rather than a

'complaint'; accordingly, there is no basis for serving a 'summons and complaint.'" *Id.* at

814.  The "confirmation of an arbitration award is a summary proceeding that merely

makes what is already a final arbitration award a judgment of the court." *Id.* (quoting

*Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997));

see also *Int'l Standard Elec. Corp. v. Bridas Sociedad Anonima Petrolera, Industrial y*

*Comercial*, 745 F. Supp. 172, 182 (S.D.N.Y. 1990) ("A confirmation proceeding under

the Convention is not an original action, it is, rather in the nature of a post-judgment

enforcement proceeding." (internal quotation marks and alterations omitted)).  "Given

the summary nature of confirmation proceedings, it is unsurprising that the FAA would

require only service of notice of an application as opposed to service of a full summons

and complaint." *Id.* (citing *Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245,

252, 254 (3d Cir. 2020) (agreeing that confirmation of an arbitration award is a summary

proceeding and noting that summary proceedings may be "conducted without formal

pleadings, on short notice, without summons and complaints, generally on affidavits,

and sometimes even *ex parte*" (quoting *New Hampshire Fire Ins. Co. v. Scanlon*, 362

U.S. 404, 406 (1960))).  The Tenth Circuit has similarly found that the confirmation of

arbitration awards is a summary proceeding.  *Compania de Inversiones Mercantiles,*

*S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1287 (10th Cir.

2020)*; see also Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, No. 11-cv-00970-PAB-

MEH, 2013 WL 4494304, at *2 (D. Colo. Aug. 21, 2013).  Reviewing § 12, the Court

finds that the logic of *Commodities & Minerals Enterprise Ltd.* applies equally to motions

to vacate arbitration awards as to applications to confirm such awards under § 9.

Section 12 does not specify the requirements of the documents to be served.  9 U.S.C.

§ 12.  Instead, it requires that the "[n]otice of a motion to vacate, modify, or correct an

award must be served upon the adverse party or his attorney within three months."  *Id.*

Furthermore, motions to vacate and motions to confirm are different sides of the same

coin, and the Court engages in an equally summary review.  *Dodson Int'l Parts, Inc.*, 12

F.4th at 1228.  Given that § 12 contemplates service of a motion to compel arbitration

rather than service of a summons and complaint and that the requirements of Rule 4(a)

apply only to a summons, the Court finds that the Rule 4(a)(1)(F) requirement that the

notice be signed by the clerk of the Court is in inapplicable.  The Court finds that

Gooloo's service of its petition to vacate the arbitration award was proper.

### B.  Review of Arbitration Award

Pilot argues that Gooloo has failed to demonstrate sufficient grounds for vacating

the arbitration award and that, therefore, Gooloo's petition should be dismissed and the

arbitration award confirmed.  Docket No. 8 at 11–17.  Gooloo alleges that the arbitration

award should be vacated because (1) the arbitrator exceeded his authority under the

terms of the arbitration agreement, Docket No. 27 at 14–20, and (2) his award is in

manifest disregard of the law.  *Id.* at 20.[6]  These arguments are based on the

---

[6] In its response to Pilot's counter-petition to confirm the arbitration award, Gooloo argues that the arbitration award should be vacated because the award violates the public policy of the United States and China.  Docket No. 14 at 18–19.  This argument was not presented in Gooloo's petition to vacate the arbitration award.  *See generally* Docket No. 1.  Gooloo cites a series of United States Supreme Court cases to

arbitrator's interpretation of section 6.3 of the settlement agreement and his conclusions regarding how the PTAB's invalidation of the '653 patent affected the outcome of the arbitration.  Pilot responds to these alleged deficiencies in the arbitration award, but further argues that "Gooloo cannot prevail because it has not alleged or shown prejudice and the error is harmless."  Docket No. 8 at 13.  Pilot contends that, even if Gooloo's allegations are true, the arbitrator had an independent and sufficient ground for finding in Pilots favor, *id.* at 16–17, namely, the arbitrator found that, before Gooloo was entitled to stop paying royalties under the terms of the settlement agreement, Gooloo was required to provide notice to Pilot that Gooloo was withholding royalty payments because Pilot's patent was invalid.  *Id.* at 17.  The Court will consider Pilot's arguments regarding the arbitrator's resolution of the notice issue before turning to Gooloo's alleged deficiencies in the arbitration agreement.

---

demonstrate that there is a strong public policy interest in removing invalid patents from the marketplace.  *Id.* (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993)).  Gooloo asserts that allowing continued enforcement of the '653 Patent against Gooloo after its final declaration of invalidity by the PTAB, violates public policy in China and the United States.  *Id.* at 19.  While the Court need not address Gooloo's public policy argument to resolve Pilot's motion, the Court notes that, for an arbitration award to violate public policy, the policy involved must be an explicit public policy that is well-defined and dominant, and it must be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest.  *Air Methods Corp. v. OPEIU*, 737 F.3d 660, 669 (10th Cir. 2013).  Furthermore, "public policy favors upholding the parties' contractual expectations in the arbitration context, including the finality of arbitral awards."  *Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 58 F.4th 429, 460 (10th Cir. 2023).  Gooloo has not shown why the policy favoring the removal of invalid patents trumps any conflict such policy has with the policy in favor of enforcing arbitration awards.  As such, the Court finds Gooloo has failed to demonstrate that enforcement of the arbitration award is against public policy.

As noted earlier, the arbitrator determined that there were five "principal issues . . . to determine in this Arbitration."  Docket No. 2-1 at 47, ¶ 139.  The first issue was "[d]o Respondent's arguments on the fact that the '653 patents are invalid require dismissal of Claimant's claim and require restitution of royalties paid?"  *Id.*  On this issue, the arbitrator found that Gooloo raised two arguments:

> (i) first, Respondent argues that pursuant to the 2020 Settlement Agreement, Claimant needs a "Licensed Product" that must "fall within the scope of at least one valid, unexpired claim" and since the PTAB decision has rendered the patent invalid, Claimant has never had a Licensed Product; and (ii) second, in the alternative, Respondent provided appropriate notice of invalidity to Claimant to appropriately withhold royalty payments.

*Id.* at 50, ¶ 149.  Gooloo's petition centers on the arbitrator's resolution of Gooloo's first argument and Gooloo asserts that "the Arbitrator's decision improperly dismiss[ed] Gooloo's key invalidity defense."  Docket No. 1 at 6, ¶ 20; Docket No. 27 at 11.  However, as Pilot points out, "a key issue at the hearing was whether Gooloo was permitted to avoid the payment of any royalties *regardless* of whether any claims were invalid."  Docket No. 8 at 5 (citing Docket No. 2-1 at 51, ¶ 153).

In the award, the arbitrator noted that "the parties agree that pursuant to the U.S. Supreme Court's decision in *Lear*, a licensee is 'permitted to avoid the payment of all royalties' if the licensee can prove patent invalidity."  Docket No. 2-1 at 51, ¶ 153 (quoting *Lear, Inc. v. Adkins*, 395 U.S. 653, 674 (1969)).  The arbitrator explained that the "10th Circuit in *Hull v. Brunswick Corp.* ruled: . . . if licensees wish to preserve patent invalidity as a defense to litigation over unpaid royalties, *the licensees must notify the licensors that they are suspending payments* because they question the validity of the patents."  *Id.* at 51–52, ¶ 153 (quoting *Hull v. Brunswick Corp.*, 704 F.2d 1195, 1204 (10th Cir. 1983) (emphasis in arbitration award)).  The arbitrator concluded that the

communications between the parties "did not provide an express or clear notification that the royalties were being suspended because the validity of the patents was disputed.  The purpose of such a notification is to enable Claimant to clearly appreciate Respondent's position, which did not happen in the present case."  *Id.* at 54, ¶ 156.  As a consequence, "the Tribunal dismisses Respondent's argument that the invalidity of the '653 patent requires dismissal of Claimant's claims."  *Id.* at 55, ¶ 159.  Turning to the second issue in the arbitration, "Did Respondent Breach its Obligations to Claimant," *id.* at 55, ¶ C, the arbitrator explained that "[t]he Tribunal has already determined that the appropriate notices to withhold royalty payments had not been provided to Claimant so any defense that the products are not subject to the 2020 Settlement Agreement or that Respondent appropriately withheld royalty payments are rejected."  *Id.* at 57–58, ¶ 170.  Ultimately, the arbitrator determined that Gooloo breached the settlement agreement and that Gooloo owed Pilot royalties until the time Pilot was put on notice of Gooloo's invalidity challenge.  *Id.* at 60, 97, ¶¶ 178, 286.

Gooloo does not contest the arbitrator's determination on the notice issue.  In its response to Pilot's motion to dismiss Gooloo's petition, Gooloo clarifies that:

> Gooloo's contentions here are based squarely on the License Agreement.  The License Agreement has no 'notice' requirement.  And the "binding precedent" that Pilot invokes [i.e., *Lear*, 395 U.S. at 674] is entirely irrelevant – a separate and distinct issue that Gooloo does not now challenge.  The License Agreement instead, quite uncontroversially, only applies to sales of Licensed Products under *valid patents*.  The '653 Patent is not a valid patent.  That is the basis of Gooloo's Petition to Vacate.

Docket No. 13 at 23.  However, Gooloo's decision not to challenge the arbitrator's second and independent ground for finding in favor of Pilot is fatal to Gooloo's petition to vacate the award.  Gooloo has not alleged and cannot show that its failure to provide

Pilot notice was an insufficient ground for the arbitrator to award Pilot past royalties.  As such, Gooloo cannot prevail on its claims and its petition to vacate the award can be dismissed on these grounds.  Nevertheless, in the alternative, the Court will review Gooloo's allegations regarding the arbitrator's interpretation of section 6.3 of the arbitration award and the arbitrator's consideration of the PTAB decision.

### 1.  The Arbitrator Did Not Exceed His Authority

Pilot argues that Gooloo has failed to demonstrate that the arbitrator exceeded his authority.  *See* Docket No. 8 at 15–16.  Gooloo claims that the arbitrator exceeded his powers twice: first, by considering evidence submitted after the deadline, and, second, by resolving an issue of patent validity.  Docket No. 27 at 14–20.

Section 10(a)(4) provides that "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration . . . where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).  A party seeking relief under § 10(a)(4) "bears a heavy burden."  *Oxford Health Plans LLC v. Sutter,* 569 U.S. 564, 569 (2013).  "Convincing a court of an arbitrator's error – even his grave error – is not enough."  *THI of N.M. at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1084 (10th Cir. 2017) (citation and alteration omitted).  "Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits."  *Id.* (quoting *Oxford Health Plans LLC,* 569 U.S. at 569 (quoting *E. Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000))).  "Thus, in considering

whether the arbitrator exceeded his powers, we consider one question: whether the arbitrator arguably interpreted the parties' contract, regardless of whether that interpretation was correct." *Id.* (citation omitted).

The arbitration hearing took place on December 1, 2022.  Docket No. 2-1 at 34, ¶ 96.  On December 8, 2022, the arbitrator asked the parties to answer questions in their post-hearing briefs, including "[i]ssues in relation to the developments before the US Patent and Trademark Office (PTAB) and the implications they may have for this Tribunal (the parties are also invited to keep the Tribunal abreast of the developments here more generally)."  *Id.* at 36, ¶ 103.  Gooloo and Pilot agreed to modify section 6.3 of the settlement agreement so that "post-hearing submissions, which will include no new evidence or submissions, shall be due on December 16, 2022".  *Id.* at 115.  In its post-hearing brief, Pilot included its notice of appeal and notice of docketing to show that Pilot's appeal of the PTAB decision had been accepted.  *Id.* 50, ¶ 150.  The arbitrator noted that "Respondent also objected to Claimant's inclusion of new evidence at the very last moment.  Respondent stated that the agreement of both parties to extend the hearing expressly provided that the post-hearing submissions 'will include no new evidence.'"  *Id.* 37–38, ¶ 107.  To resolve this issue, the arbitrator decided that, "[i]n relation to the two new documents submitted, they will not form part of the record. Rather I will treat the documents as a (factual) indication of what is happening before PTAB."  *Id.* 38, ¶ 108.  The arbitrator determined one of the issues he was required to resolve was "whether the PTAB decision definitively resolves the invalidity question."  *Id.* 50, ¶ 150.  In answering this question, the arbitrator noted that "Claimant has stated that it has filed its Notice of Appeal against the PTAB decision" and cited Pilot's post-

hearing brief.  *Id.* 51, ¶ 151.  The arbitrator concluded, "that the issue of validity has not been resolved in a final decision as between the parties for claim preclusion or issue preclusion."  *Id.*  "Since the issue of invalidity has not been resolved definitively, the Tribunal dismisses the argument that there is no Licensed Product under the 2020 Settlement Agreement."  *Id.*, ¶ 152.  Gooloo argues that "the new evidence in fact appeared as the crux of, and the only support for, the Arbitrator's decision improperly dismissing Gooloo's key invalidity defense."  Docket No. 27 at 11.  As such, Gooloo argues that "[t]he Arbitrator exceeded his powers by using forbidden evidence as the *only* support to jettison Gooloo's invalidity defense in contradiction to the express terms of his jurisdiction and the arbitration procedure adopted by the parties."  *Id.* at 18.

In its motion to dismiss Gooloo's petition, Pilot makes four arguments against Gooloo's contention that the arbitrator considered impermissible evidence to nullify Gooloo's invalidity defense: (1) Gooloo did not object to the arbitrator requesting information on the developments before the PTAB and therefore waived its objection to Pilot's response; (2) Gooloo was able to and did comment on the implications of Pilot's appeal; (3) the arbitrator did not rely solely on the evidence of the notices submitted by Pilot, but also relied on Pilot's representations in its post-hearing brief that it had filed an appeal; and (4) even if the arbitrator did exceed his authority by relying on impermissible evidence, this error was harmless and cannot support a decision to vacate the arbitration award.  Docket No. 8 at 13–15.

The Court finds that the arbitrator did not exceed his authority to consider new evidence because his consideration of the pending appeal was arguably within the scope of his authority as he interpreted it to be under the parties' amended settlement

agreement.  The amended terms of section 6.3 of the settlement agreement state that "[t]he parties additionally agree that post-hearing submissions, which will include no new evidence or cost submissions, shall be due on December 16, 2022."  Docket No. 2-1 at 115.  The arbitrator appears to understand this provision as allowing him to take notice of the fact that an appeal was pending.  *See id.* at 38, ¶ 108 ("In relation to the two new documents submitted, they will not form part of the record.  Rather I will treat the documents as a (factual) indication of what is happening before PTAB." (alterations omitted).  The arbitrator then concluded that, because the PTAB decision was not final given that an appeal had been filed, validity was not "resolved in a final decision."  *Id.* at 51, ¶ 151.  The arbitrator ruled that, "[s]ince the issue of invalidity has not been resolved definitively, the Tribunal dismisses the argument that there is no Licensed Product under the 2020 Settlement Agreement."  *Id.*, ¶ 152.[7]  Gooloo has not shown that the arbitrator exceeded his authority regarding finality and the issue of invalidity.  Section 10(a)(4) "permits courts to vacate an arbitral decision only when the arbitrator strayed from his delegated task of interpreting a contract, not when he performed that task poorly."  *Dish Network L.L.C. v. Ray*, 900 F.3d 1240, 1251 (10th Cir. 2018) (quoting *Oxford Health Plans LLC,* 569 U.S. at 571–72).  Thus, Gooloo has not met its heavy

---

[7] While Gooloo believes that the arbitrator's taking notice of the pending appeal violated the amended terms of the settlement agreement, it is not clear that the Arbitrator's interpretation is erroneous.  A federal court resolving this dispute could have taken judicial notice of Pilot's pending appeal.  *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) ("A district court, however, may take judicial notice of its own files and records, as well as facts which are a matter of public record." (citation and quotation omitted)); *St. George v. Weiser*, No. 21-cv-01224-LTB-GPG, 2021 WL 5364440, at *3 (D. Colo. Aug. 4, 2021) (taking notice of the fact that plaintiff's direct appeal was pending).  Gooloo has not shown that taking such notice was not permitted by the settlement agreement.

burden of demonstrating that the arbitrator relied solely on evidence that was indisputably prohibited by the terms of the settlement agreement, thereby exceeding his authority. *THI of New Mexico at Vida Encantada, LLC*, 864 F.3d at 1084 ("an arbitral decision 'even arguably construing or applying the contract' must stand").

Gooloo alleges that the arbitrator also exceeded his authority by resolving an issue of patent validity. Docket No. 1 at 8, ¶ 32; Docket No. 27 at 18–19. As noted earlier, the settlement agreement contains two sections regarding arbitration that have a bearing on the arbitrator's ability to consider validity challenges. The arbitrator noted these provisions in the arbitration award:

> [T]he Tribunal recalls that the question of invalidity itself is outside the scope of the Tribunal's jurisdiction. Indeed, any question of invalidity falls within the scope of Section 6.5 of the 2020 Settlement Agreement. This Tribunal's jurisdiction arises pursuant to Section 6.3 of the 2020 Settlement Agreement and, therefore, any question in relation to invalidity under Section 6.5 is outside the Tribunal's jurisdiction. The only question before this Tribunal is how the decision of the U.S. PTAB impacts this Arbitration.

Docket No. 2-1 at 49–50, ¶ 148 (footnote omitted). In a footnote, the arbitrator clarified that "this Tribunal does not possess jurisdiction under either Section 6.4 or Section 6.5 of the 2020 Agreement. Therefore, if an issue falls purely within the scope of [ ] Section 6.4 or 6.5, the Tribunal will dismiss such an issue for lack of jurisdiction." *Id.* at 49, ¶ 148 n.142.[8] The arbitrator then identified Gooloo's defense against paying royalties to

---

[8] The arbitrator also specifically addressed this issue in his Decision on Jurisdiction, issued on July 31, 2022. Docket No. 2-1 at 11–12, ¶ 28. In the July 31, 2022 decision, that arbitrator stated:

> This dispute has been initiated pursuant to the Section 6.3 of the Agreement. The Tribunal, therefore, concludes that it does not have jurisdiction to hear any dispute involving the alleged infringement of any licensed patents pursuant to Section 6.4 of the Dispute Resolution clause. This is also not a situation where the Tribunal can simply extend the scope of the dispute by adding two additional arbitrators to meet the requirements under Section 6.4, unless both parties

be "that pursuant to the 2020 Settlement Agreement, Claimant needs a 'Licensed Product' that must 'fall within the scope of at least one valid, unexpired claim' and since the PTAB decision has rendered the patent invalid, Claimant has never had a Licensed Product." *Id.* at 50, ¶ 149.  The arbitrator explained that, "[o]n October 3, 2022, the U.S. PTAB issued its decision wherein it concluded, *inter alia*, that claim 7 of the '653 patent is 'unpatentable'" and that therefore the "question before the Tribunal is whether the PTAB decision definitively resolves the invalidity question." *Id.*, ¶ 150.  Ultimately, the arbitrator concluded that, because Pilot had appealed the PTAB decision, "the issue of validity has not been resolved in a final decision as between the parties for claim preclusion or issue preclusion," and he rejected Gooloo's invalidity defense. *Id.* at 51, ¶¶ 151–52.

Gooloo argues that, in rejecting Gooloo's invalidity defense, the "Arbitrator necessarily made his own de facto finding of *validity* regarding the '653 Patent."  Docket No. 27 at 18.  Pilot responds that the arbitrator did not exceed his authority because the arbitrator's decision rested on his determination that the PTAB's decision "did not change the outcome of the dispute," rather than any determination of the validity of the '653 Patent.  Docket No. 8 at 15.

Once the parties agree to arbitrate an issue, the court "should give extreme deference to an arbitrator's decision regarding the scope of that issue." *Burlington N. &*

---

agree, because doing so would necessarily entail changing the requirements under Sections 6.3 and 6.4 (for example, the qualifications for the arbitrators and the temporal requirements for the proceedings are different and irreconcilable).

*Id.*  Gooloo does not address the arbitrator's prior decision, and the Court will confine its analysis to those parts of the arbitrator's award Gooloo contests.  *See* Docket No. 27 at 18–20.

*Santa Fe Ry. Co.*, 636 F.3d at 568 (citation and quotation omitted)). The Tenth Circuit has noted other circuit courts have held "the arbitrator's interpretation of the scope of his powers is entitled to the same level of deference as his determination on the merits." *Id.* (citing *Schoenduve Corp. v. Lucent Techs., Inc.,* 442 F.3d 727, 733 (9th Cir. 2006); *Major League Umpires Ass'n v. Am. League of Prof. Baseball Clubs,* 357 F.3d 272, 279 (3d Cir. 2004)). The Court finds that, consistent with his obligation to construe or apply the terms of the settlement agreement, the arbitrator made a distinction between the issue of validity and the issue of "how the decision of the U.S. PTAB impacts this Arbitration." Docket No. 2-1 at 49–50, ¶ 148; *THI of N.M. at Vida Encantada, LLC*, 864 F.3d at 1084. Gooloo has not met its burden under § 10(a)(4) of showing that the arbitrator exceeded his authority by finding that he had jurisdiction over the issues raised in the arbitration proceeding and in his resolution of those issues. *Oxford Health Plans LLC,* 569 U.S. at 569 (a party seeking relief under § 10(a)(4) "bears a heavy burden").

Gooloo also argues that the arbitration award should be vacated because the arbitrator exceeded his authority pursuant to Colo. Rev. Stat. § 13-22-223(1)(d). Docket No. 27 at 16. Section 13-22-223(1)(d) provides that, "[u]pon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if the court finds that . . . (d) An arbitrator exceeded the arbitrator's powers." Colo. Rev. Stat. § 13-22-223(1)(d). Under Colorado law, "[a]n arbitrator does not exceed [his] powers by rendering a decision that is contrary to the rules of law that would have been applied by a court, so long as there is no violation of an express term of the agreement to arbitrate." *Digital Landscape Inc.*, 440 P.3d at

1205 (citation and quotation omitted).  "[A] plaintiff must establish that the arbitrator exceeded the powers granted in the agreement by refusing to apply or ignoring the legal standard agreed upon by the parties for resolution of the dispute."  *Id.* (citation omitted). Gooloo provides no discussion of whether the standard under § 13-22-223(1)(d) differs from the federal standard applied under § 10(a)(4).  The Court is aware of no difference. Furthermore, in comparing Colorado case law applying § 13-22-223(1)(a) and federal caselaw on § 10(a)(1), the Colorado Court of Appeals found "the federal test is entirely consistent with existing Colorado case law."  *Price v. Mountain Sleep Diagnostics, Inc.*, 479 P.3d 68, 73 (Colo. App. 2020).  The Court finds that its determination that the arbitrator did not exceed his authority under the terms of the arbitration agreement applies equally under federal and state law.

### 2.  The Arbitrator Did Not Manifestly Disregard the Law

The Tenth Circuit has recognized a judicially created exception whereby an arbitration award may be vacated if it manifestly disregards the law.  *THI of N.M. at Vida Encantada, LLC*, 864 F.3d at 1084.  "An arbitrator's erroneous interpretations or applications of law are not reversible.  Only manifest disregard of the law is subject to reversal."  *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (citing *Wilko v. Swan,* 346 U.S. 427, 436–37 (1953)).  "Manifest disregard of the law 'clearly means more than error or misunderstanding with respect to the law.'"  *Id.* (citation omitted).  Rather, "the record must show that the arbitrators knew the law and explicitly disregarded it."  *THI of N.M. at Vida Encantada, LLC*, 864 F.3d at 1085 (citing *Hollern v. Wachovia Secs., Inc.*, 458 F.3d 1169, 1176 (10th Cir. 2006) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1274 (10th

Cir. 2005))).  Even under this standard, however, courts may not disturb an arbitration award where there is no evidence of egregious or intentional misconduct by the arbitrator, even if the arbitrator "got the law wrong, and perhaps even *really* wrong." *Abbott v. Law Office of Patrick J. Mulligan*, 440 F. App'x 612, 622 (10th Cir. 2011) (unpublished) (quotation marks and citation omitted).

Pilot argues that Gooloo has failed to demonstrate that the arbitrator manifestly disregarded the law in resolving the issue of how the PTAB decision affected the outcome of the arbitration proceeding.  Docket No. 8 at 16–17.  Gooloo claims that, because the award did not find in favor of Gooloo on its invalidity defense based on PTAB's determination that claim 7 of the '653 patent was invalid, the award conflicts "with other laws and legal precedents."  Docket No. 27 at 20 (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 43 (1987) (quotations omitted)).  Gooloo asserts that "[a]t the time of the hearing, when the evidence closed, and even now, the state of the law remains the same – the '653 Patent is invalid."  *Id.*  Gooloo points to two cases which it believes show that "[t]he PTAB's written finding of invalidity is binding and final pending some different result from the Federal Circuit, to which the finding of invalidity was appealed."  *Id.* (citing *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 600–01 (D. Mass. 2018); *Sec. People, Inc. v. Iancu*, 971 F.3d 1355, 1361 (Fed. Cir. 2020)).  Gooloo further cites Federal Circuit precedent that holds that a finding of patent invalidity is retrospective as well as prospective – i.e., a determination that a patent claim is invalid means that it never was valid.  *Id.* at 15 (citing *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1347 (Fed. Cir. 2013)).  Gooloo argues that, because the PTAB's decision was final and binding on the

arbitrator and that he was aware of the decision, the award was in manifest disregard of
the law. *Id.* at 20.

Pilot responds that the award was not made in disregard of the PTAB's
determination that claim 7 of the '653 patent was invalid. Docket No. 8 at 17. As noted
earlier, Pilot contends that the arbitrator's award found that the PTAB's decision had no
impact on the outcome of the award because Gooloo's liability to Pilot was based on the
fact that Gooloo failed to notify Pilot that it was contesting the validity of Pilot's patent.
*Id*. As such, Pilot argues that the arbitrator correctly concluded that "the developments
at the PTAB between Pilot and a third party not subject to the Settlement Agreement
were irrelevant to this action." *Id.*

Gooloo has not shown that the arbitrator manifestly disregarded the law in
determining that Gooloo was required to provide Pilot notice before withholding royalty
payments under the Supreme Court's holding in *Lear* and the Tenth Circuit's holding in
*Hull*. *See* Docket No. 2-1 at 51–52, ¶ 153 (quoting *Lear,* 395 U.S. at 674; *Hull*, 704 F.2d
at 1204). The Court has found this independent basis for the award to be sufficient to
uphold it. Thus, Gooloo's arguments regarding patent validity fail. However, even if the
Court did consider Gooloo's arguments regarding validity, the Court would reject them.
Gooloo's allegations are insufficient to establish that the arbitrator manifestly
disregarded the law because Gooloo has not demonstrated that the arbitrator "knew the
law and explicitly disregarded it." *See Dominion*, 430 F.3d 1275. The arbitrator
concluded that, because Pilot had appealed the PTAB's decision to the Federal Circuit,
"the issue of validity has not been resolved in a final decision as between the parties for
claim preclusion or issue preclusion." Docket No. 2-1 at 51, ¶ 151. In a footnote, the

arbitrator cited *San Remo Hotel, L.P. v. City & Cnty. of S.F.*, 545 U.S. 323, 336 n.16 (2005), for the proposition that, "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.*, ¶ 151 n.147.  Gooloo provides no explanation for how the arbitrator's actions constituted a knowing disregard of the law; rather, Gooloo's petition shows only that Gooloo believes the arbitrator misunderstood the law. However, Gooloo's dispute over the proper application of Federal Circuit precedent and the doctrine of res judicata is an insufficient ground to vacate the arbitration award.

In sum, the Court finds that Gooloo's petition to vacate the arbitration award has not sufficiently alleged that the arbitration award was in manifest disregard of the law or that the arbitrator exceeded his authority under the terms of the arbitration agreement. Gooloo's petition also fails to contest the arbitrator's separate and sufficient ground for finding in favor of Pilot.  As such, the Court will grant Pilot's motion to dismiss Gooloo's petition to vacate the arbitration award.  Finding no error sufficient to vacate the arbitration award, the Court will grant Pilot's request to confirm the arbitration award.

## IV.  CONCLUSION

Therefore, it is

**ORDERED** that respondent's Motion to Dismiss Petition to Vacate Arbitration Award and Confirm the Award [Docket No. 8] is **GRANTED**.  It is further

**ORDERED** that petitioner's Petition to Vacate Arbitration Award [Docket No. 1] is **DISMISSED**.  It is further

**ORDERED** that the award of Arbitrator Dr. Kabir Duggal, executed on January 6, 2023, is **CONFIRMED**.  It is further

**ORDERED** that this case is closed.

DATED March 8, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge